UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAN 11 2024 PM 1:55
FILED - USDC - FLMD - TPA

UNITED STATES OF AMERICA

v.

ALEXANDER LIGHTNER

CASE NO. 8:24-cr-21-WFJ-SPT

18 U.S.C. § 875(c)
(Interstate Transmission of Threat)

26 U.S.C. § 5861(d)
(Possession of an Unregistered Firearm)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Interstate Transmission of Threat)**

#### A. Introduction

At times material to this Indictment:

1. ALEXANDER LIGHTNER was a United States citizen residing in the Middle District of Florida.

2. The "Messaging Application" was an Internet application headquartered outside of the State of Florida.

3. In the racially or ethnically motivated violent extremist ("RMVE") community, the term "saint" refers to an individual who commits an act of mass violence in furtherance of RMVE ideology.

4. In the RMVE community, the term "high score" refers to the death toll amassed by an attacker, or "saint," who commits an act of mass violence in furtherance of RMVE ideology.

**B.  The Crime**

On or about December 29, 2023, in the Middle District of Florida, the defendant,

ALEXANDER LIGHTNER,

did knowingly transmit in interstate and foreign commerce communications containing a threat to injure the person of another, that is, unknown victims of a mass shooting, including, the following statements indicating the defendant's intention to carry out a mass shooting: "2024 there shall be saints u fuq"; "Highscore shall be defeated"; "I'll delete this, but I say to you there is no surrender only death. Only purpose"; "When my @ says last seen a week ago remove me from everything."; "It's called a .308 black tip."; and "Those that know me know. It's over, you have not seen the wrath of the Aryan that has no purpose left," with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

In violation of 18 U.S.C. § 875(c).

## COUNT TWO
### (Possession of an Unregistered Firearm)

1. The allegations in paragraphs 1 through 4 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From an unknown date, but continuing through on or about January 5, 2024, in the Middle District of Florida, the defendant,

ALEXANDER LIGHTNER,

knowingly possessed a firearm, specifically, a firearm silencer, as defined in 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(3), which firearm was not registered to him in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## FORFEITURES

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

2. Upon conviction of a violation of 18 U.S.C. § 875, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of a violation 26 U.S.C. § 5861, the defendant shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

3. The property to be forfeited includes, but is not limited to, a firearm silencer.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *Lindsey Schmidt* (signature)
Lindsey Schmidt
Assistant United States Attorney

By: *Daniel J. Marcet* (signature)
Daniel J. Marcet
Assistant United States Attorney

By: *Cherie L. Krigsman* (signature)
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security Section

FORM OBD-34
January 24

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ALEXANDER LIGHTNER

INDICTMENT

Violations: 18 U.S.C. § 875(c) and 26 U.S.C. § 5861(d)

A true bill.

_____
Foreperson

Filed in open court this <u>11th</u> day

of January 2024.

_____
Clerk

Bail $_____

GPO 863 525