UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:24-cr-21-WFJ-CPT

ALEXANDER LIGHTNER
_____/

MOTION TO SEVER

**NOW COMES** Defendant, Alexander Lightner, by and through undersigned counsel, and moves this Court to sever the two counts of the indictment and hold separate trials on each charge, under Federal Rules of Criminal Procedure 8 and 14.

MEMORANDUM OF LAW

BACKGROUND

The indictment includes two counts. Count One alleges that Mr. Lightner transmitted an interstate threat, in violation of 18 U.S.C. § 875(c) on December 29, 2023. Count Two alleges that Mr. Lightner possessed an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d), from an unknown date up to January 5, 2024.

In summary, the Government's evidence is as follows. A user of the messaging application Telegram going by the username "DEATH." made the following posts on December 29, 2023:

- "2024 there shall be saints u fuq"
- "Highscore shall be defeated"

- "I'll delete this, but I say to you there is no surrender only death. Only purpose."
- "When my @ says last seen a week ago remove me from everything."
- "It's called a .308 black tip", and
- "Those that know me know. It's over, you have not seen the wrath of the Aryan that has no purpose left."

The Government alleges that, in what it calls the "racially or ethnically motivated violent extremist community (RMVE)," a "saint" is someone who "commits an act of mass violence in furtherance of RMVE ideology," and "high score" refers to "the death toll amassed by an attacker, or 'saint,' who commits an act of mass violence in furtherance of RMVE ideology." The Government will seek to show that the other users of Telegram "DEATH." was addressing were like-minded extremists, and so might have known what "DEATH." meant by all this.

The FBI came to believe that Mr. Lightner was "DEATH." and searched his home on January 5, 2024. Mr. Lightner, who is 26 years old, lives with his parents and brother. In Mr. Lightner's bedroom, which he shares with his brother, agents found a homemade firearm silencer in a laundry hamper. Mr. Lightner told the agents that the silencer was his, and that he made it himself when he was 12 years old. The silencer is allegedly not registered with the government. Agents also found .308 ammunition and firearms in the bedroom. Mr. Lightner is not a felon and is not otherwise prohibited from possessing firearms or ammunition. Mr. Lightner told agents that he was drunk when he made the posts and that he did so to get attention from the others on Telegram.

**ARGUMENT**

This Court should sever the two counts and hold separate trials for two reasons. First, the counts are misjoined in the first instance under Fed. R. Crim. P. 8(a). Second, even if the counts are not misjoined under Rule 8, the joinder is prejudicial under Fed. R. Crim. P. 14.

**I. The counts are misjoined under Rule 8.**

"The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The character of two offenses is "similar" when the offenses are "'[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002) (quoting *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993)). Courts compare offenses to determine if they are categorically of the same character, not to determine if they are based on similar evidence. *Id.* (citing *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994)).

Here, the Government's evidence[1] fails to establish that the threat offense and

---

[1] Theoretically, the Court is to begin by limiting its review to the facts found within the four corners of the indictment. *United States v. Dominguez*, 226 F.3d 1235, 1240 (11th Cir. 2000). However, under Eleventh Circuit precedent, this indictment-only rule can only benefit the Government: if the defendant points to evidence to show

3

the silencer offense are of the same or similar character, part of the same act or transaction, or connected with or parts of a common plan or scheme.  Mr. Lightner's alleged transmission of these purported threats on Telegram is not categorically similar to his unregistered possession of the makeshift silencer:  the two acts are not in any sense "[n]early corresponding; resembling in many respects; somewhat alike; [or] having a general likeness."  *See Hersh*, 297 F.3d at 1241 (internal quotation omitted).  Whatever it is the Government thinks Mr. Lightner was trying to convey he would do on Telegram, he made no mention of using a silencer to do it, and made no mention of the silencer he was found to have.  Further, Mr. Lightner's statements on Telegram and possession of the silencer at home are rather obviously not part of the same act or transaction.  Nor is there any evidence that either act was part of a single scheme.  Instead, Mr. Lightner's statements on Telegram and his possession of an unregistered silencer at home are discrete and unrelated acts.  The counts are therefore misjoined in the indictment under Rule 8(a), and the Court should sever them.

## II.  If joinder is proper under Rule 8, it is prejudicial under Rule 14.

"If the joinder of offenses or defendants in an indictment, an information, or a

---

misjoinder the court is to ignore it, but if the indictment alone fails to show a proper joinder, the Government may proffer its evidence to show joinder is nonetheless proper.  *See id.* at 1241.  So even if Mr. Lightner were to demonstrate that the indictment by itself fails to show a proper joinder, the Court would be required to consider the Government's evidence supporting the charges.  The Court may as well do so now.

4

consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  "Unfair prejudice does not result when two offenses are joined if evidence admissible to prove each offense is also admissible to prove the other offense." *United States v. Gabay*, 923 F.2d 1536, 1540 (11th Cir. 1991) (citing *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984)).  It follows that prejudice may accrue when evidence of one offense is inadmissible to prove the other, or vice versa.

    Here, evidence of the silencer offense is inadmissible to prove the threat offense, and vice versa.  "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  Evidence of an "other act" is admissible if: "(1) the evidence is relevant to an issue other than a defendant's character, (2) there is sufficient proof to allow a jury to find that the defendant committed the act by a preponderance of the evidence, and (3) the evidence's probative value is not substantially outweighed by the risk of unfair prejudice under Rule 403." *United States v. Green*, 873 F.3d 846, 858 (11th Cir. 2017) (en banc) (citing *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc)).  Evidence is

5

"relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

The statute under which Mr. Lightner is charged in Count One prohibits transmitting "any communication containing . . . any threat to injure the person of another . . . ." 18 U.S.C. § 875(c). To show a violation of this statute, the Government must prove (1) that the defendant knowingly sent a message containing a true threat to injure the person of another and (2) the defendant sent the message with the intent to communicate a true threat, or with the knowledge that it would be viewed as a true threat. Eleventh Circuit Judicial Council, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)* § O30.3 (2022); *see Elonis v. United States*, 575 U.S. 723, 740 (2015) (stating that "Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat."). However, the Government need not prove that the defendant intended to carry out the threat or had the ability to do so. *United States v. Himelwright*, 42 F.3d 777, 783 (3d Cir. 1994) (citations omitted); *see Virginia v. Black*, 538 U.S. 343, 359-60 (2003).

A defendant's possession of weapons is not normally relevant in a prosecution under § 875(c). *See United States v. Philibert*, 947 F.2d 1467, 1470-71 (11th Cir. 1991). In *Philibert*, the defendant purchased over $4,000 worth of guns, bayonets, and ammunition, including a Thompson submachine gun. *Id*. at 1468. Almost two

months later, the defendant made a threatening phone call to his former employer, and was later charged under § 875(c). *Id*. Applying Rule 404(b), the court found no relevance to the firearm purchases, stating, "[T]he government has not explained, and we fail to perceive, any possible relevance, on the question of whether appellant did or did not place a threatening phone call to Mr. Steinke from Connecticut on August 11, 1989, of the fact that two months earlier he had purchased certain firearms." *Id*. at 1470. The court reversed the conviction because the district court erroneously admitted evidence of the firearms. *Id*. at 1471. *See also Himelwright*, 42 F.3d at 783 (holding that evidence of the defendant's firearms possession in a § 875(c) prosecution was inadmissible under Rule 404(b) to prove intent because the government need not prove an intention or present ability to carry out the threat).

      Here, like in *Philibert* and *Himelwright*, Mr. Lightner's possession of the silencer is inadmissible to prove the threat offense under Rule 404(b) because the evidence is not relevant for any non-character purpose. Even assuming evidence that Mr. Lightner possessed the accessory makes it more probable that he intended to carry out the purported threats made on Telegram, or that he had the ability to do so, those facts are not "of consequence in determining the action." Fed. R. Evid. 401(b). Under *Elonis*, the Government's burden is to prove that Mr. Lightner intended for the communications' recipients to *perceive* the phone calls as true threats, or that he was reckless in that regard. That he unlawfully possessed a makeshift silencer makes it no more likely that he intended any particular perception to be harbored by the

7

other Telegram users.  Further, under the pattern instruction's objective component, the Government must prove that a reasonable person would perceive the Telegram posts to be true threats.  But the readers on Telegram had no idea whether "DEATH." possessed a silencer, so the evidence does not make it more likely that a reasonable person in their place would have viewed the posts as threatening.  Accordingly, the evidence fails at the first *Green* step.

It follows inexorably that evidence of Mr. Lightner's Telegram posts is inadmissible to prove Count Two, alleging that he possessed an unregistered silencer.  To prove Count Two, the Government must prove (1) the defendant knowingly possessed the silencer; (2) the silencer was not registered in the National Firearms Registration and Transfer Record; and (3) the defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.  Eleventh Circuit Judicial Council, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)* § O106.1 (2022).  In no sense would the fact that Mr. Lightner made purportedly threatening posts on Telegram make it more or less probable that any of these elements are met.  Evidence of the Telegram statements is therefore inadmissible to prove the silencer possession under Rule 404(b).

Evidence offered to prove Count One is therefore inadmissible to prove Count Two, and vice versa.  What's more, this spillover evidence between counts is prejudicial to Mr. Lightner.  In *Philibert*, the court held that the admitted evidence of

the defendant's firearm possession was not harmless in his prosecution for making a threat under § 875(c). *Philibert*, 947 F.2d at 1471. Similarly, the court in *Himelwright* held that any assumed probative value in the defendant's gun possession in his threat prosecution was substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403, noting that "it is impossible to overlook the powerful impact of this type of evidence on the questions whether the telephone calls were, indeed, sufficiently threatening to satisfy the elements of section 875(c) beyond a reasonable doubt . . . ." *Himelwright*, 42 F.3d at 785.

    The prejudice from the joinder of counts in this case is much like the prejudice found in *United States v. Beard*, No. 3:20-CR-0567-B, 2022 WL 1321550 (N.D. Tex. 2022). In *Beard*, the defendant was charged with a murder in which a woman was shot at point blank range by a shotgun and then stabbed. *Id*. at *1. During the execution of a search warrant of the defendant's home, police found what the Government contended was a homemade, unregistered firearm. *Id*. The Government charged the defendant with possessing the silencer and counts related to the murder. *Id*. The Government did not contend that the silencer was used in or was otherwise connected to the murder. *Id*. The defendant moved to sever the silencer count from the murder counts. *Id*. The court granted the motion, noting that "there is a risk of prejudice created by trying his counts together, specifically in that the jury would hear evidence as to [the silencer count] that would not be admissible as to [the murder counts]." *Id*. at *3 (footnote omitted).

Further, the *Beard* court found that the spillover between counts of irrelevant evidence was highly prejudicial to the defendant:

> Here, the Court is unconvinced that even a properly instructed jury is capable of hearing evidence that Beard possessed a firearm silencer without considering that evidence in determining whether Beard cyberstalked, shot, and stabbed Burkett; similarly, the Court is doubtful that the same jury could be reasonably expected to ignore evidence of Burkett's murder in determining whether Beard possessed an unregistered silencer. Put another way, the Court is unconvinced Beard can receive a fair trial on all counts where his defense to Count One is prejudiced by highly inflammatory, irrelevant evidence that he possessed an unregistered firearm silencer – an act that evidences a harshly negative inference that the actor had violent intentions. Given the unique facts of this case, the Court concludes that the risk of prejudice substantially outweighs any potential benefit in economy of judicial administration, and that severance of Count One from the superseding indictment is warranted to ensure Beard receives a fair trial on all counts.

*Id*. at 4 (citations omitted).

Similar to *Beard*, here, without severance, the jury would be expected to decide whether Mr. Lightner possessed an unregistered silencer while ignoring the "highly inflammatory" evidence that he made what the Government calls threats of mass violence in an extremist forum. On the flipside, the jury would be expected to decide whether Mr. Lightner's statements were true threats while ignoring the evidence that he possessed an unregistered silencer, evidence that provides a "harshly negative inference that [he] had violent intentions." *Id*. That is far too much to expect of any jury. The spillover evidence is irrelevant and highly prejudicial, and the Court

10

should remedy that problem by granting a severance.

**WHEREFORE** the Defendant, Mr. Lightner, prays this Court will hold separate trials on Count One and Count Two.

DATED this 13th day of March 2024.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

*/s* **Samuel E. Landes**
Samuel E. Landes, Esq.
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:   (813) 228-2715
Facsimile:    (813) 228-2562
Email:   Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th of March 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Lindsey Schmidt.

*/s* **Samuel E. Landes**
Samuel E. Landes, Esq.
Assistant Federal Defender
