UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:24-cr-21-WFJ-CPT-1

ALEXANDER LIGHTNER
_____/

**ORDER DENYING DEFENDANT'S MOTION TO SEVER**

Before the Court is Defendant Alexander Lightner's Motion to Sever (Dkt. 35). The Government responded in opposition to Mr. Lightner's requested relief (Dkt. 36). Upon careful consideration, the Court denies the Motion.

## BACKGROUND

Mr. Lightner caught the FBI's attention when he allegedly posted the following threatening statements on Telegram, an internet messaging platform, in late December 2023: "2024 there shall be saints u fuq"; "Highscore shall be defeated"; "I'll delete this, but I say to you there is no surrender only death. Only purpose"; "When my @ says last seen a week ago remove me from everything"; "It's called a .308 black tip"; and "Those that know me know. It's over, you have not seen the wrath of the Aryan that has no purpose left." Dkt. 16 at 1–2.

On January 5, 2024, federal agents executed a search warrant at Mr. Lightner's residence. Dkt. 36 at 4. During this search, agents seized a copy of *Mein*

*Kampf*, an eighty-eight-page document (referred to by the Government as the "Mass Casualty Guide"), multiple rounds of .308 ammunition tucked into a bulletproof vest, a Smith & Wesson firearm, a .45-caliber handgun, and an unregistered firearm silencer that fits onto a .45 caliber handgun. Dkt. 36 at 4–5; Dkt. S-43-1. The Government indicted Mr. Lightner for transmitting an interstate threat, in violation of 18 U.S.C. § 875(c), and possessing an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d). Dkt. 16.

Mr. Lightner moved to sever these two counts and hold separate trials. Dkt. 35. The Government opposes severance. Dkt. 36.

## DISCUSSION

An indictment may charge a defendant with multiple offenses if the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) is construed broadly in favor of joinder. *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). *See also United States v. Walser*, 3 F.3d 380, 387 (11th Cir. 1993) (holding a district court's decision not to sever counts will only be reversed if the defendant proves he suffered compelling prejudice).

**I.   Joinder is proper under Rule 8.**

The first issue is whether the two counts are properly joined under Rule 8. Mr. Lightner argues the counts are misjoined because the Telegram statements and

2

possession of the unregistered silencer are "discrete and unrelated acts." Dkt. 35 at 4. In furtherance of this argument, Mr. Lightner points out how the absence of the word "silencer" in the online posts confirms that the two acts are not part of a single scheme. *Id.* The Court disagrees.

Rule 8(a) allows joinder of offenses that "are of the same or similar character," even if the offenses do not arise out of the same series of acts or transactions. *Walser*, 3 F.3d at 385. Crimes of similar character are "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." *Id.* Crimes can be similar when they reflect a common purpose or underlying theme. In *Hersh*, the charges of child pornography and transport of a minor to engage in sexual activity were properly joined as they reflected the defendant's repeated sexual exploitation of minors. 297 F.3d at 1242. In *Walser*, the charge of aiding and abetting perjury was properly joined with the charge of false statements made to a government agency because they related "to the attempt–or to the coverup of those attempts–to obtain by fraud federal crop relief." 3 F.3d at 386.

The Court finds that the count of transmission of an interstate threat is properly joined with the count of possession of an unregistered firearm silencer. Particularly when viewed in light of the items recovered from his residence, Mr. Lightner's statements and possession of an unregistered silencer reflect a common purpose or underlying theme. *See Hersh*, 297 F.3d at 1242. The Government alleges

that these acts are directly related to the same goal: "Lightner's ultimate plan to commit a mass shooting." Dkt. 36 at 10. Although this characterization is yet to be proven, the Government can introduce the physical evidence found in Mr. Lightner's bedroom to prove that he made the Telegram statements "with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat." Eleventh Circuit Judicial Council, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)* § O30.3 (2024). Mr. Lightner's alleged possession of a silencer, firearms, ammunition, a bulletproof vest, and a lengthy document which comments on methods for inflicting mass violence are certainly probative of Mr. Lightner's intent to make his communications a viable threat.

Similarly, the Government can introduce the Telegram statements to prove Mr. Lightner knowingly possessed the silencer. The Telegram statements specifically mention a ".308 black tip," or .308 ammunition – the same type of ammunition that was located in Mr. Lightner's bedroom. Dkt. 36 at 5. The silencer for which Mr. Lightner is charged was found in the same room. That the Telegram posts did not specifically mention the word "silencer" does not automatically render them irrelevant in proving the silencer count, as Mr. Lightner argues in his motion. *See* Dkt. 35 at 4. Thus, the counts are properly joined because they are of similar character, and evidence supporting both counts is interrelated.

4

## II.     Joinder is not prejudicial under Rule 14.

The second issue is whether joinder is prejudicial under Rule 14. Mr. Lightner argues that even if joinder is proper, he will suffer from highly prejudicial "spillover evidence." Dkt. 35 at 8. The Court finds Mr. Lightner has failed to meet his burden of showing compelling prejudice would result from joinder.

Rule 14(a) allows the court to order separate trials of counts if joinder appears to prejudice a defendant. In this regard, the defendant must demonstrate "specific and compelling prejudice as a result of the denial of severance." *United States v. Miller*, 255 F.3d 1282 (11th Cir. 2001). As the Eleventh Circuit explained in *Walser*, this burden is heavy and cannot be shown by mere conclusory allegations. 3 F.3d at 386. Severance is not required if the possible prejudice can be cured by a cautionary instruction. *Id.* If evidence of the second offense, even if separately charged, would be admissible in the prosecution of the first offense, there is little prejudice to the defendant. *See United States v. Watson*, 866 F.2d 381, 385 (11th Cir. 1989).

As previously explained, the Court generally agrees with the Government that evidence of the Telegram statements would be admissible in trial to help prove Mr. Lightner's knowing possession of the unregistered silencer. Moreover, evidence of the unregistered silencer in Mr. Lightner's bedroom would be admissible in trial to prove he transmitted an interstate threat of a mass killing.

In support of his prejudice argument, Mr. Lightner cites to *United States v. Philibert*, 947 F.2d 1467 (11th Cir. 1990) and *United States v. Himelwright*, 42 F.3d 777 (3d Cir. 1994), which are distinguishable from the fact pattern and legal issues before the Court. Both cases concern admissibility of evidence under Federal Rules of Evidence 403 and 404(b). And in *Philibert*, the only binding case of the two, the defendant never took delivery of the submachine gun, much less possessed it at the time of the threatening phone call. 947 F.2d at 1468, 1471. Here, however, Mr. Lightner allegedly possessed the silencer, an instrument used to shoot people, around the time he made the Telegram statements about shooting people. *See* Dkt. 1 at 5.

Mr. Lightner suggests that a jury would be unable to ignore the "highly inflammatory" evidence posed by what the Government has called "the Mass Casualty Guide." Dkt. 35 at 10; Dkt. 36 at 4–5, 8–10, 14; Dkt. S-43-1. The item is indeed highly probative and prejudicial, and it appears to be an admission of Mr. Lightner. This matter may be addressed at trial.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: Mr. Lightner's motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on May 21, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

6

**COPIES FURNISHED TO**:

Counsel of Record