UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                   Case No. 8:24-cr-21-WFJ-CPT

ALEXANDER LIGHTNER
_____/

**ORDER**

Before the Court is the Government's Motion to Seal (Dkt. S-43) docket entry S-43-1 ("the Document"), and Mr. Lightner's Response in opposition (Dkt. 44). Upon careful consideration, the Court denies the Motion.

**BACKGROUND**

Mr. Lightner caught the FBI's attention when he allegedly posted the following threatening statements on Telegram (an internet messaging platform) in late December 2023: "2024 there shall be saints[1] u fuq"; "Highscore[2] shall be defeated"; "I'll delete this, but I say to you there is no surrender only death. Only purpose"; "When my @ says last seen a week ago remove me from everything";

---

[1] According to the Complaint, a "saint" is an individual who commits an act of violence to further white supremacist and accelerationist goals. Dkt. 1 at 4.

[2] "Highscore" refers to the number of victims killed by a perpetrator of mass violence. *Id.*

"It's called a .308 black tip"; and "Those that know me know. It's over, you have not seen the wrath of the Aryan that has no purpose left." Dkt. 16 at 1–2.

On January 5, 2024, federal agents executed a search warrant at Mr. Lightner's residence. Dkt. 36 at 4. During this search, agents seized a copy of *Mein Kampf*, the eighty-eight-page Document (referred to by the Government as the "Mass Casualty Guide"),[3] multiple rounds of .308 ammunition tucked into a bulletproof vest, a Smith & Wesson firearm, a .45-caliber handgun, and an unregistered firearm silencer/suppressor that fits onto a .45 caliber handgun. Dkt. 36 at 4–5; Dkt. S-43-1. The Government indicted Mr. Lightner for transmitting an interstate threat, in violation of 18 U.S.C. § 875(c), and possessing an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d). Dkt. 16 at 1–6.

Mr. Lightner moved to dismiss Count Two (Dkt. 34) and to sever the counts (Dkt. 35). In opposing these motions, the Government frequently quoted from the Document. Dkt. 36; Dkt. 37. The Government also cited to the Document as an exhibit, titled "Doc. 36-1," which was not attached to docket entry 36. Dkt. 37 at 8. The Court therefore requested the Government file the Document as an exhibit. Dkt. 42. The Government complied but moved to seal the Document. Dkt. 43. Mr. Lightner opposes its sealing. Dkt. 44.

---

[3] This document contained 118 mentions of "saints" and 25 mentions of "highscores." It also included a list of "saints," including James Earl Ray and Timothy McVeigh, and their respective "highscores." *Id.*

2

## STANDARD OF REVIEW

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). Although the right of access does not apply to material filed with motions to compel discovery, it does apply to "[m]aterial filed in connection with any substantive pretrial motion[.]" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)).

The party seeking protection can overcome the presumption of openness by demonstrating "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Ochoa-Vasquez*, 428 F.3d at 1030 (quoting *Press-Enterprise Co. v. Super. Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984); *United States v. Valenti*, 987 F.2d 708, 713 (11th Cir. 1993)). When sealing a document, the court must articulate the reason for sealing and the evidence that supports sealing. *Id.* at 1030.

## DISCUSSION

The first issue is whether the right of access applies to the Document. If it does, the material is presumptively protected, and the issue becomes whether the moving party has overcome that presumption. The Court finds that the right of access applies to the Document, designated by the Government as the "Mass Casualty

Guide." The Court further finds that the Government, as the moving party, has not overcome the presumption of openness.

The first issue is easily resolved in Mr. Lightner's favor. The Government referenced the Document, which it cited as "Doc. 36-1," in its written objection to Mr. Lightner's motion to dismiss. Dkt. 37 at 8. It also repeatedly relied on and quoted its contents. *See generally* Dkt. 37; Dkt. 36. Accordingly, because a motion to dismiss is a substantive pretrial motion, the Document constitutes "[m]aterial filed in connection with [a] substantive pretrial motion." *Romero*, 480 F.3d at 1245. The right of access applies, and the Document is presumptively protected under the First Amendment. *See Ochoa-Vasquez*, 428 F.3d 1015 at 1028–30.

Given the foregoing, the Government must rebut the presumption of openness. *Id.* at 1030. In determining whether to exclude information from the public, the Court can consider: (1) "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability" of alternative options to sealing the documents. *Romero*, 480 F.3d at 1246. The public's right of access cannot be overcome by conclusory assertions. *See Press-Enterprise Co. v. Super. Ct. of Cal., Riverside Cnty.*, 478 U.S. 1, 15 (1986).

The Government has not carried its burden. The Government provides a brief explanation for why the Document should be excluded from public view; namely, that disclosure "risks causing harm to society" due to its racist and inflammatory content. Dkt. S-43. While the Court agrees that the Document expresses repugnant views, these views are essentially contained within short epigraphs and wholly fictional racist fantasy stories. *See generally* Dkt. S-43-1. Indeed, the "Mass Casualty Guide," as the Government calls it, is not really a guide to anything. Its fictional content would not materially aid anyone in planning or carrying out a domestic terror attack in the real world. Mr. Lightner, moreover, wishes for it to remain in the public sphere.

The Government's motion fails to demonstrate "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Ochoa-Vasquez*, 428 F.3d at 1030. A speculative and generalized risk of societal harm is too conclusory to abridge the public's First Amendment right.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: The Government's motion (Dkt. S-43) is **DENIED** and the Document (Dkt. S-43-1) shall be made accessible to the public.

**DONE AND ORDERED** at Tampa, Florida, on June 7, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record